# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **JEAN JOCELYN MERILIEN,** *Plaintiff,* v. **Counselor DUNAGAN, et al.,** *Defendants.* | **CIVIL ACTION NO. 5:22-cv-00432-TES-MSH** |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

Before the Court is the United States Magistrate Judge's Order and Recommendation ("O&R") [Doc. 85] to grant Defendants' respective Motions for Summary Judgment. [Doc. 38]; [Doc. 54]. Plaintiff Jean Jocelyn Merilien, a prisoner at Wilcox State Prison, brought the present action under 28 U.S.C. § 1983, arguing that Defendants were deliberately indifferent to his serious medical need and therefore violated his Eighth Amendment right to be free from cruel and unusual punishment.[1] [Doc. 1, pp. 6–7]. Specifically, Plaintiff alleges that after an outside dermatologist at Augusta State Medical Prison ("ASMP") recommended that he schedule a follow-up

---

[1] In proving deliberate indifference to a serious medical need, a prisoner must show: (1) an objectively serious medical need; (2) of which the prison official was subjectively aware and disregarded (deliberate indifference); and (3) that the harm was caused by the prison official's deliberate indifference. *Boddie v. Saldana*, No. 5:19-cv-00027-TES-CHW, 2021 WL 2690076, at *7 (M.D. Ga. June 30, 2021) (citing *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007)).

within 90 days, Defendants did not schedule him for a follow-up—at least not one *at* ASMP.[2] *Compare* [*Id*. at p. 7], *with* [Doc. 71, pp. 345, 381, 385], *and* [Doc. 74, p. 204]. After filing a grievance with Defendants Whittington and Ashley in February 2022, Whittington investigated it and was assured by Defendant Bowens that she would schedule Plaintiff for an appointment with an on-site provider to determine whether he needed to be taken for outside care.[3] [Doc. 1, p. 15]; [Doc. 54-4, pp. 5, 8]. Bowens, however, delayed in doing so until September 2022. [Doc. 71, p. 286].

The magistrate judge based the recommendation to grant Defendants' Motions for Summary Judgment on the grounds that (1) evidence revealed that Plaintiff did in fact receive a follow-up dermatology consultation (albeit via telehealth and not with ASMP) within three months of his initial ASMP appointment in July 2021, and (2) these Defendants are not doctors and had no authority over how, where, or by whom Plaintiff's skin condition was treated. [Doc. 85, pp. 11–12]. Next, the magistrate judge recommended granting Defendant Bowens's Motion for Summary Judgment because— although perhaps negligent in delaying scheduling Plaintiff for an on-site appointment in 2022 after stating that she would—her negligence does not rise to the level of

---

[2] Plaintiff repeatedly alleges that the ASMP dermatologist "ordered" him to return to ASMP within 90 days, but the evidence only shows that she *recommended* he have a three-month follow-up, and not suggesting that it needed to be at ASMP. *See* [Doc. 87, p. 4]; [Doc. 71, p. 381].

[3] For an in-depth look at the facts, the Court adopts the O&R's section entitled "Factual Summary." [Doc. 85, pp. 6–10].

deliberate indifference necessary to sustain an Eighth Amendment action.[4] [*Id*. at pp. 12–13].

On January 5, 2024, Plaintiff timely filed an Objection to the O&R [Doc. 87], and on January 22, 2024, he also filed a letter [Doc. 88], apparently arguing that the magistrate judge reached an unfavorable conclusion because Document 48 on the docket was labeled as "Response/Objection," instead of "Objection," which Plaintiff argues resulted in the magistrate judge not citing to it in his O&R. *See* [Doc. 88, p. 1]; *see generally* [Doc. 85].

Because Plaintiff filed an Objection to the magistrate judge's O&R, the Court is obligated to conduct a de novo review of the portions of the recommendation to which Plaintiff objected. 28 U.S.C. § 636(b)(1)(C). The Court has "broad discretion" when reviewing a magistrate judge's recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may consider arguments that were not raised in the first instance to the magistrate judge—or it may decline to do so. *Stephens v. Tolbert*, 471 F.3d 1173, 1174 (11th Cir. 2006); *Williams*, 557 F.3d at 1292. However, here, Plaintiff makes no new arguments in his Objection and subsequent letter and instead simply objects to the magistrate judge's recommendations. *See* [Doc. 87]; [Doc. 88]. The Court addresses

---

[4] In light of the recommendation to grant the Defendants' motions, the magistrate judge also counseled this Court to deny as moot Plaintiff's motions for preliminary and permanent injunction [Doc. 36] and his motion to subpoena witnesses for trial [Doc. 49].

Plaintiff's Objections below.

### 1. Discussion

Plaintiff's Objections focus almost exclusively on the Defendants' alleged failure to ensure that Plaintiff received a follow-up appointment at ASMP within three months of his July 2021 appointment. *See* [Doc. 87]. Plaintiff does not discuss the part of the O&R in which the magistrate judge suggested that Defendant Bowens's delay in scheduling him for an on-site consultation in 2022 did not amount to deliberate indifference. *See* [*id.*]; [Doc. 85, pp. 12–13]. Plaintiff only mentions Defendant Bowens to the extent that she, together with the other Defendants, supposedly violated his Eighth Amendment rights by failing to schedule him a follow-up at ASMP within 90 days in 2021. [Doc. 87, p. 15]. Plaintiff does, however, mention Defendant Bowens's failure to schedule him a follow-up appointment in his earlier-filed Response/Objection to Bowens's Motion for Summary Judgment. [Doc. 48, pp. 4–5]. In his letter to the Court following filing his Objection, Plaintiff argues that the magistrate judge failed to consider his Response/Objection ("Document 48"). *See* [Doc. 88, p. 1]. Because of Plaintiff's pro se status, the Court will nonetheless review the portions of the O&R dealing with Defendant Bowens.

    a. Plaintiff's Objections

A big chunk of the Objection simply restates large swaths of the O&R verbatim. *See* [Doc. 87, pp. 12, 14]. Plaintiff then responds to these sections of the O&R by restating

facts already considered by the magistrate judge. For example, Plaintiff hand-copied pages six and seven of the O&R in his Objection and then—as if he is asserting a new fact—simply re-argues to the Court a factual assertion he has made many times before: that the ASMP dermatologist "ordered" him to return to the clinic within 90 days. [*Id*. at p. 4]. The problem? The magistrate judge already considered this assertion of Plaintiff's in the very paragraph Plaintiff hand-copied. *See* [Doc. 85, p. 7]. The magistrate judge looked at the evidence and determined that the only conclusion to draw from it was that the outside dermatologist continued him on his medication and *recommended* he have a follow-up—with no mention of an "order" for him to be evaluated by the same doctor or even at the same outside hospital. [*Id*.]; [Doc. 71, pp. 345, 381, 385]; *see also* [Doc. 74, p. 204]. Hence, no dispute of material fact.

As the magistrate judge noted, Plaintiff's Complaint "alleged Defendants were deliberately indifferent for failing to ensure he was taken back to ASMP within ninety days of his July 2021 visit. He failed to mention, however, he was seen by a dermatologist via a telehealth visit on October 4, 2021, which was within three months."[5] [Doc. 85, pp. 11–12]; *see* [Doc. 71, pp. 378, 381]; [Doc. 74, p. 204]. Plaintiff's medical records show he received ongoing medical treatment for his skin issues, including examinations and medication. [Doc. 71, pp. 284–86, 298, 378]; [Doc. 74, pp.

---

[5] In his Objection, Plaintiff also argues that the O&R is erroneous because at the time of filing his Complaint, Plaintiff did not have access to his medical records and did not remember the telehealth appointment in October 2021. [Doc. 87, p. 12].

5

200–01, 204]. His disagreement with the medical treatment he received does not and cannot constitute the requisite deliberate indifference required to succeed on an Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.").

Plaintiff's next objection is his assertion that the Defendants' failure to take him back to the dermatologist at ASMP resulted in skin cancer. *See* [Doc. 87, pp. 6, 8, 10, 13, 18]. However, Plaintiff only reprocesses the very argument that the magistrate judge considered and rejected. *See* [Doc. 85, p. 15]. For the sake of being thorough, however, the Court reviewed the record as a whole and easily finds the magistrate judge was correct. Plaintiff's contention regarding skin cancer simply is not supported by the record, which clearly shows that Plaintiff was tested for skin cancer and other diseases, and those tests came back positive only for benign angioma fossa. *See* [Doc. 71, p. 315]. Indeed, Plaintiff bizarrely cites these exact pages of his medical records—which clearly show his diagnosis was benign—as evidence that it was cancerous. *See* [Doc. 87, p. 13].

The magistrate judge noted that Plaintiff failed to produce evidence showing that the alleged deliberate indifference caused a "detrimental effect." [Doc. 85, p. 15 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 n.9 (2002))]. Plaintiff argues in his

6

Objection that he did place such evidence in the record, by pointing to the medical records that Defendants submitted. [Doc. 87, pp. 7–10]. And indeed, if those records had shown that (1) a delay in treatment (2) caused Plaintiff to develop (3) a worsened and "detrimental" condition, the magistrate judge and this Court certainly would have gone Plaintiff's way. The problem, as explained above, is that the record does not show that Plaintiff's condition devolved into a detrimental one.

At the start of his Objection, Plaintiff asked the Court to "liberally review the plaintiff pro se's [sic] supplemental responses to Defendants' motions for summary judgment." [Doc. 87, p. 5]. But even construing Plaintiff's pleadings liberally and the facts in the light most favorable to Plaintiff, there is no dispute as to what happened—just as to whether Defendants violated the United States Constitution. The Court agrees with the magistrate judge that Defendants Whittington and Ashley were not deliberately indifferent to Plaintiff's skin condition by not ensuring he received a follow-up appointment with the particular outside dermatologist Plaintiff preferred in 2021 and, therefore, are not responsible as a matter of law. Further, the Court agrees with the magistrate judge that Defendant Bowens's delay in scheduling Plaintiff for an on-site consultation in 2022—although perhaps negligent—does not rise to the level of deliberate indifference. [Doc. 85, pp. 12–13].

    b. <u>Plaintiff's Subsequent Letter Regarding Document 48</u>

After he filed his Objections to the O&R, Plaintiff wrote a letter to the Court,

arguing that the clerk "wrongfully filed the pro se's [sic] plaintiff's objections [listed as Document 48] to Defendant Bowen's motion for summary judgment . . . as to [sic] a Response/Objection . . . which cause[d] the magistrate judge failed [sic] to include plaintiff's objections . . . into [the] Order and Recommendation." [Doc. 88, p. 1]. According to Plaintiff, if the clerk had labeled Document 48 an objection, "the [j]udgment would had [sic] been better." [*Id*.]. First things first: While the magistrate judge certainly should consider every argument the parties make, he is under no obligation to cite to every document in the docket, especially when Plaintiff recycles the same arguments over and over again. *See* [Doc. 46, pp. 3–6, 8–11]; [Doc. 48, pp. 3, 5]; [Doc. 59, p. 3]. Nevertheless, the Court will consider Plaintiff's arguments from Document 48 as well.

Plaintiff argues that Bowens did not include a medical request form from April 12, 2021, in which he states, "I seek medical to takes (sic) me out for one day visit to outside special dermatology . . . ." [Doc. 48, p. 5]. As a result, Plaintiff argues, the Court should deny Bowens's Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d) because it is based on information unavailable to Plaintiff. [*Id*.].[6] But Plaintiff included a copy of that medical request form alongside an earlier-filed Response to the Defendants' Motion for Summary Judgment, so he clearly had access to

---

[6] Plaintiff also makes the same argument in his third response to the Defendant Bowens's Motion for Summary Judgment. *See* [Doc. 59, p. 3].

8

it. *See* [Doc. 46-8, p. 5]. Regardless, the presence of Plaintiff's medical request form does not sway the Court's decision. To be sure, Plaintiff is entitled to medical treatment, but as the Court already explained, he is not entitled to medical treatment in the exact manner he wants it. *See Farmer*, 511 U.S. at 847.

Plaintiff then goes on to recount the same accusations in his Complaint and many other documents regarding (1) his July 2021 appointment with the ASMP dermatologist who recommended that he schedule a three-month follow-up and (2) Defendant Bowens's delay in scheduling him for an on-site appointment after saying she would in 2022. *See* [Doc. 48, pp. 3–5]; [Doc. 1, p. 15]. While Plaintiff is correct that the magistrate judge did not specifically cite to Document 48, the magistrate judge certainly considered these factual arguments, which Plaintiff repeats throughout all of his filings.[7]

However, despite not citing Document 48 specifically, the magistrate judge did consider this argument—and simply disagreed with Plaintiff. [Doc. 85, p. 13]. The magistrate judge found that "[t]here is no evidence Bowens's failure to ensure an appointment was scheduled, however, constituted more than negligence, which is insufficient to establish deliberate indifference." [*Id.* (citing *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016) (per curiam) ("Although the intentional failure to schedule an

---

[7] It should be noted that Document 48 is the third of four responses and/or objections that Plaintiff filed following Bowens's Motion for Summary Judgment that include a re-hashing of Plaintiff's factual allegations. *See* [Doc. 46-1]; [Doc. 48, pp. 3–4, 8–9]; [Doc. 59]; [Doc. 83]. In some of these responses and objections, Plaintiff complains of discovery issues, which the magistrate judge dealt with by ordering Defendants to produce Plaintiff's medical records, with which they complied. *See* [Doc. 48]; [Doc. 59]; [Doc. 61]; [Doc. 71]; [Doc. 74].

appointment with a specialist may amount to deliberate indifference when it causes substantial harm, the negligent failure to schedule an appointment does not."); and then citing *McKnight v. Garriott*, No. 3:15-cv-159-J-39JRK, 2018 WL 6019706, at *28 (M.D. Fla. Nov. 16, 2018) ("To the extent the there was a negligent failure to schedule an appointment after Defendant Diaz directed that one be scheduled, this mistake or negligent action alone is not sufficient to bring a constitutional claim of deliberate indifference."))]. "[D]eliberate indifference—from a constitutional standpoint—is a difficult standard for a prisoner to meet." *Boddie*, 2021 WL 2690076, at *7 (citing *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007)). It "is not a constitutionalized version of common-law negligence." *Id.* (quoting *Swain v. Junior*, 961 F.3d 1276, 1287–88 (11th Cir. 2020)). The Court agrees with the magistrate judge that there is no evidence to suggest that Defendant Bowens's omission rises to the level of deliberate indifference.

## 2. Conclusion

All in all, Plaintiff provides the Court with nothing new, and after reviewing Plaintiff's myriad Objections and the record, the Court agrees with the magistrate judge's findings. Therefore, the Court **ADOPTS** the United States Magistrate Judge's Order and Recommendation [Doc. 85] and **MAKES IT THE ORDER OF THE COURT**. The Court **GRANTS** Defendants' motions for summary judgment. [Doc. 38]; [Doc. 54]. As a result, the Court **DENIES as moot** Plaintiff's pending motions for preliminary and permanent injunction [Doc. 36] and motion for an order to subpoena witnesses for trial

[Doc. 49]. *See* [Doc. 85, p. 15 n.4].

      **SO ORDERED**, this 12th day of February, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
